NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GESTURE TECHNOLOGY PARTNERS, LLC,**
*Appellant*

**v.**

**UNIFIED PATENTS, LLC,**
*Appellee*

---

2023-1444

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-00917.

---

Decided:  March 4, 2025

---

JOHN WITTENZELLNER, Williams, Simons, and Landis PLLC, Philadelphia, PA, argued for appellant.  Also represented by ERIC CARR, MARK JOHN EDWARD MCCARTHY, FRED WILLIAMS, Austin, TX.

DEBRA JANECE MCCOMAS, Haynes and Boone, LLP, Dallas, TX, argued for appellee.  Also represented by DAVID L. MCCOMBS; ANGELA M. OLIVER, Washington, DC; ALYSSA J. HOLTSLANDER, ROSHAN MANSINGHANI, Unified Patents, LLC, Chevy Chase, MD.

———————————

Before MOORE, *Chief Judge*, PROST and STOLL, *Circuit Judges*.

PROST, *Circuit Judge*.

Gesture Technology Partners, LLC ("Gesture") appeals the final written decision of an inter partes review ("IPR") of U.S. Patent No. 7,933,431 ("the '431 patent"), holding that claims 7–9 and 12 are unpatentable and that claims 10, 11, and 13 were not shown unpatentable. *Unified Patents, LLC v. Gesture Tech. Partners, LLC*, No. IPR2021-00917, 2022 WL 17096296, at *20 (P.T.A.B. Nov. 21, 2022) ("*Final Written Decision*"). We affirm.

Gesture makes three arguments on appeal: (1) The Board erred in determining that claim 7 is unpatentable and by extension claims 8, 9, and 12 which depend from claim 7 are also unpatentable; (2) the Board does not have jurisdiction over IPRs involving expired patents, including the '431 patent; and (3) the Board erred by denying Gesture's request for discovery. In *Apple, Inc. v. Gesture Technology Partners, LLC* issued the same day as this opinion, we affirmed the Board's holding that, among others, claims 7–9 and 12 of the '431 patent are unpatentable. *See Apple Inc. v. Gesture Tech. Partners, LLC*, No. 23-1475 (Fed. Cir. Mar. 4, 2025). Therefore, Gesture's appeal with respect to those same claims here is moot. And in a different *Apple Inc. v. Gesture Technology Partners, LLC* proceeding, we "confirm[ed] . . . that the Board has jurisdiction over IPRs concerning expired patents." 127 F.4th 364, 368–69 (Fed. Cir. 2025). Thus, the only issue that remains here is whether the Board erred by denying Gesture's request for additional discovery. We conclude that the Board did not abuse its discretion by denying this request.

BACKGROUND

In May 2021, Unified Patents, LLC ("Unified Patents") filed a petition for IPR on claims 7–13 of the '431 patent. In August 2021, Gesture filed its Preliminary Patent Owner Response to Unified Patent's petition. As part of Gesture's argument to deny institution of the IPR, Gesture noted that Unified Patents' CEO did not "deny that one or more of its Members is a party to one of the 'Parallel Litigations' identified in the Petition." J.A. 197; *see also* J.A. 198 (listing Samsung Electronics Co., Ltd. ("Samsung"), among others, as a possible member of Unified Patents). Gesture sought no discovery on the relationship of these entities at that time. In January 2022, the Board issued an order granting ex parte reexamination of the '431 patent. *See Ex Parte Gesture Tech. Partners, LLC*, Reexamination No. 90/014,901. The request for reexamination was filed by Samsung.

In February 2022, Gesture filed its Patent Owner Response. Again, Gesture sought no discovery on the relationship between Unified Patents and Samsung. On August 30, 2022, oral argument was heard in the Unified Patents IPR, and according to the Board, "[t]he record was effectively closed after the hearing." J.A. 557.

On October 6, 2022, Gesture sent an email to the Board requesting authorization to take discovery regarding the relationship between Samsung and Unified Patents and requesting termination of the ex parte reexamination. *See* J.A. 557. The Board denied these requests as premature "based on [Gesture's] statement that its request only applied after the Final Decision issued." J.A. 557.

On November 21, 2022, the Board issued its final written decision. And on December 6, 2022, Gesture renewed its requests for discovery and termination of the ex parte reexamination. In response, the Board "authorized [Gesture] to file any motions or petitions concerning ex parte reexamination No. 90/014,901 in ex parte reexamination

matter No. 90/014,901, rather than in this AIA proceeding, and in accordance with the rules governing ex parte reexamination." J.A. 557–58.

Gesture requested reconsideration of its request for discovery and its motion to terminate the ex parte examination. J.A. 558. The Board denied both requests. As to the discovery request, the Board concluded that "Patent Owner's request [had] come[] too late." J.A. 558. The Board reasoned that Gesture "was aware that real party-in-interest and privity were issues that could be raised in this proceeding," but "[Gesture] chose not to pursue any arguments related to these issues in the Patent Owner Response." J.A. 559. Thus, the Board concluded that Gesture had waived the question of whether Samsung was a real party in interest or privy of Unified Patents. J.A. 559. As to the motion to terminate, the Board concluded that the IPR proceeding was not the "proper place to address" termination of the ex parte reexamination and again directed Gesture to file concerns regarding the ex parte reexamination in that proceeding. J.A. 560.

Gesture appeals the Board's denial of its request for additional discovery. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review a Board's decision whether to grant or deny additional discovery for abuse of discretion. *Wi-Fi One, LLC v. Broadcom Corp.*, 887 F.3d 1329, 1338–40 (Fed. Cir. 2018). "An abuse of discretion is found if the decision: (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact finding; or (4) involves a record that contains no evidence on which the Board could rationally base its decision." *Axonics, Inc. v. Medtronic, Inc.*, 75 F.4th 1374, 1380 (Fed. Cir. 2023) (quoting *Ericsson Inc. v. Intellectual Ventures I LLC*, 901 F.3d 1374, 1379 (Fed. Cir. 2018)).

Gesture sought discovery on the relationship between Unified Patents and Samsung "to determine whether Samsung is estopped from maintaining," under 35 U.S.C. § 315(e)(1), Samsung's reexamination proceeding. Appellant's Br. 26. 35 U.S.C. § 315(e)(1) recites:

> The petitioner in an inter partes review of a claim in a patent . . . that results in a final written decision . . . , or *the real party in interest or privy of the petitioner, may not . . . maintain a proceeding before the [Patent] Office . . . .*

*Id.* (emphasis added). If, for example, Samsung is a real party in interest or privy of Unified Patents, then under this statutory provision, Gesture alleges that Samsung may not maintain its ex parte reexamination.

The Board did not abuse its discretion in denying Gesture's request for additional discovery. The Board denied Gesture's discovery request based on a failure to raise the fact question of whether Samsung was a real party in interest or privy to Unified Patent's IPR in its Patent Owner Response (or at any time before oral argument concluded) despite Gesture's awareness of the potential relationship between Unified and Samsung at least as early as August 2021. *See* J.A. 197–98. Yet Gesture did not make its discovery request until more than a year later in October 2022. Gesture provides no explanation for waiting to request the additional discovery or indeed why the Board's denial was an abuse of discretion.

Instead, Gesture argues that "[t]he Board *may* grant discovery related to the real party in interest . . . ." Appellant's Reply Br. 12 (emphasis added). Gesture relies on *Applications in Internet Time, LLC v. RPX Corp.* for support. 897 F.3d 1336 (Fed. Cir. 2018). There, the patent owner appealed the Board's decision that found a nonparty was not a real party in interest or in privity with the petitioner. We vacated and remanded that decision because "the Board applied an unduly restrictive test for determining

whether a person or entity is a 'real party in interest.'" *Id.* at 1339. On remand, we stated that "*[i]n its discretion*, the Board *may* authorize additional discovery relevant to whether [the nonparty] is either a real party in interest or a privy . . . ." *Id.* at 1358 (emphasis added). Gesture's reliance on *Applications in Internet Time* is misplaced. Not only did that case not involve the denial of a discovery motion reviewed for abuse of discretion, but there, the question of whether the nonparty was a real party in interest or privy was raised before the Board. Not so here. Moreover, whether the Board *may* grant discovery is not determinative of whether the Board abused its discretion by not granting discovery.

For the reasons above, we conclude that the Board did not abuse its discretion in denying Gesture's request for additional discovery.

## CONCLUSION

We have considered Gesture's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**